UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SABINSA CORP.,

        Plaintiff,

v.

AEGLE BIOS, INC.,

        Defendant.

Civ. Action No. 16-3322(FLW)

ORDER

**THIS MATTER** having been opened to the Court by Sean R. Kelly, Esq., counsel for Plaintiff Sabinsa Corp. ("Plaintiff"), on a Motion for Default Judgment; it appearing that in support of its motion, Plaintiff has submitted declarations and exhibits; it further appearing that Defendants Aegle Bios, Inc. ("Defendants"), having been duly served, have not opposed the Motion; having considered Plaintiff" submissions, pursuant to Fed. R. Civ. P. 78, the Court makes the following findings:

1. To obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default from the clerk of the court pursuant to Fed. R. Civ. P. 55(a). Once this procedural hurdle has been met, it is within the discretion of this court whether to grant a motion for a default judgment. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Moreover, when a defendant is in default, the Court treats all pleadings and allegations of the plaintiff as true. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990). However, even after properly following the requirements of Rule 55,

parties are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the Court. <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1180 (3d Cir.1984).

2. On June 8, 2016, Plaintiff brought this action against Defendant for patent infringement.

3. The Summons and Complaint have been properly served on Defendant; however, Defendant has failed to plead or otherwise defend in this action. Consequently, on July 29, 2016, Plaintiff filed a Request for Default pursuant to Fed. R. Civ. P. 55(b)(1). Subsequently, the Clerk's Office entered an Entry of Default as to Defendant. On September 23, 2016, Plaintiff filed the instant Motion for Default Judgment.

4. Here, (1) the jurisdictional precondition for default judgment is met as the Court has personal jurisdiction over Aegle, a New Jersey corporation; (2) Plaintiff would be unfairly prejudiced if default judgment is denied because Plaintiff would have no other way to protect its patent rights; and more importantly, (3) based on the allegations contained in the Complaint, which this Court takes as true, Defendant has infringed on Plaintiff's U.S. Patent No. 6,653,327, by selling certain herbal extract related products. Accordingly, this Court finds that an entry of default judgment on liability is appropriate; Defendant is liable for willful, induced and contributory infringement, as fully set forth in Plaintiff's Complaint.

5. With regard to damages, Plaintiff requests this Court to permit Plaintiff to serve discovery requests upon Defendant in an effort to ascertain an accounting of damages, including compensatory, and if any, other enhanced damages. That request is granted. Plaintiff is permitted to proceed with reasonable discovery on damages pursuant to applicable Federal Rules of Civil Procedure. Any discovery issues should be addressed to the Magistrate Judge. After discovery is concluded, Plaintiff may make an application to the Court outlining, with the proper evidentiary support, the specific categories, and the amount, of damages it seeks.

6. To the extent Plaintiff seeks attorneys' fees and costs, Plaintiff may request for such relief to the Court, together with its application for damages. Plaintiff is advised to support its fee application with the proper statutory bases and proper explanation of the reasonableness of its fees. *See* L. Civ. R. 54.2.

**IT IS** on this 7th day of November, 2016,

**ORDERED** and **ADJUDGED** that Plaintiffs' Motion for Default Judgment is **GRANTED** in part in **DENIED** in part;

**ORDERED** that **ADJUDGED** that judgment is entered in favor of Plaintiff against Defendant on the issues of lability;

**ORDERED** and **ADJUDGED** that Plaintiff's motion for default judgment on damages is **DENIED** without prejudice as premature;

**ORDERED** and **ADJUDGED** that Plaintiff is permitted to conduct reasonable discovery, for a period of **90 days** commencing on the date of this Order, on the issues

of damages pursuant to the applicable Federal Rules of Civil Procedures; and it is further

**ORDERED** and **ADJUDGED** that Plaintiff shall make the appropriate application to the Court regarding damage, fees and costs, when discovery concludes;

**ORDERED** and **ADJUDGED** that Plaintiff shall address any discovery disputes to the Magistrate Judge.

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge
